UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

RENEE WHITNEY,                          )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )       Case No. 1:07-cv-01005 (ESH)
                                        )
UNITED STATES OF AMERICA,               )
                                        )
            Defendant.                  )
_____ )

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

The United States of America ("Defendant") through the undersigned answers the

individually numbered paragraphs of Plaintiff's complaint as follows:

### INTRODUCTION

1.      Defendant admits the allegations of Paragraph 1.

2.      Defendant admits that Plaintiff timely presented a valid administrative

claim to the United States Postal Service in the amount of $500,000.  Defendant further

admits that the United States Postal Service denied Plaintiff's claim on April 4, 2007.

Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 2.

### COUNT I
(Negligence – Personal Injury)

3.      Upon information and belief, Defendant admits the allegations of

Paragraph 3.

4.      For its answer to Paragraph 4, Defendant admits that at the same time and

place as alleged, Charles Alexander Abbott was operating a motor vehicle owned by the

United States Postal Service with the express permission and consent of the Postal

Service and acting as an agent, servant and/or employee of the United States by and

through the Postal Service. Defendant further admits that Mr. Abbott was at all relevant times acting in the scope and course of his employment.

5.      For its answer to Paragraph 5, Defendant admits only that the vehicle operated by Mr. Abbott struck the rear of the vehicle operated by Plaintiff when she suddenly and unexpectedly stopped in the middle of the street, not at an intersection. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 5.

6.      For its answer to Paragraph 6, Defendant admits that all persons operating vehicles on the roadways of Washington, D.C., including both Mr. Abbott and Plaintiff, owe a continuing duty to operate their vehicles in a reasonable and prudent manner, with due regard for other persons then and there lawfully upon said roadway.

7.      Defendant denies the allegations of Paragraph 7.

8.      Defendant denies the allegations of Paragraph 8.

By way of further answer and affirmative defense, Defendant denies that Plaintiff is entitled to any of the relief sought in her "Wherefore" clause, and expressly denies Plaintiff may recover prejudgment interest. 28 U.S.C. §2674.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act.

2.      Pursuant to 28 U.S.C. § 2675(b), Plaintiff is prohibited from claiming or recovering an amount against the Defendant in excess of the amount set forth in any administrative claim she may have presented to the United States Postal Service.

3.      Pursuant to 28 U.S.C § 2674, Plaintiff is not entitled to an award of prejudgment interest against Defendant.

4.     Plaintiff's damages and losses, if any, were solely and proximately caused by the negligence, carelessness, or recklessness of Plaintiff, and such negligence is a complete bar to Plaintiff's recovery in this action.

5.     Pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount for pre-judgment interest against Defendant.

6.     Defendant denies that it and/or any of its agents or employees was negligent and/or breached any duty or standard of care due to Plaintiffs and/or engaged in any conduct that was the proximate cause of the injuries, damages and losses allegedly incurred by them.

7.     Defendant reserves the right to plead all other affirmative defenses or any applicable state and federal statutes, which through discovery it learns may be applicable.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully moves this Court to dismiss Plaintiff's Complaint, for its costs incurred herein, and for such further relief as is just and proper.

Dated: August 29, 2007          Respectfully Submitted,

_____/S/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/S/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/S/_____
KENNETH ADEBONOJO
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202)514-7157
kenneth.adebonojo@usdoj.gov

ATTORNEYS FOR DEFENDANT