UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RENEE WHITNEY, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Defendant. )<br>) | Case No. 1:07-cv-01005 (ESH) |

PARTIES' REPORT TO THE COURT AND DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), LCvR 16.3 and this Court's standing order for civil cases, the parties submit the following report and discovery plan.

Statement Of The Case

Plaintiff brings this action under the Federal Tort Claims Act. In the early hours of August 27, 2005, Plaintiff was traveling in a northwesterly direction on Brentwood Road directly in front a vehicle belonging to and operated by an employee of the United States Postal Service ("USPS"). For reasons about which the parties dispute, Plaintiff's vehicle was struck from behind by the USPS vehicle. Plaintiff alleges that the USPS employee operated the USPS vehicle in a negligent manner resulting in Plaintiff's vehicle being struck from behind. Defendant alleges that Plaintiff stopped suddenly in the middle of the road to ask for directions from a bystander thereby causing the USPS vehicle to collide with Plaintiff's vehicle from behind.

Local Civil Rule 16 Report

1. Likelihood Of Resolution By Dispositive Motion. The parties believe that liability could be decided by motion for summary judgment, after discovery or prior to the completion of

discovery at either parties' election.

    2. <u>Amendment Of Pleadings/Addition of Parties</u>.  At this time, the parties do not anticipate amending the pleadings or adding other parties.  It is unclear at this time whether the factual or legal issues can be agreed upon or narrowed.

    3. <u>Assignment To Magistrate Judge</u>. The parties do not mutually agree to assignment to a Magistrate for trial.  However, the parties mutually agree to assignment to a Magistrate for settlement purposes after the close of discovery.

    4. <u>Possibility Of Settlement</u>.  It is unclear at this time whether the case can be settled.

    5. <u>Alternative Dispute Resolution</u>.  The parties are agreeable to having this case referred to mediation after the close of discovery – assuming the matter is not resolved by dispositive motion prior to that time.

    6. <u>Dispositive Motions</u>. The parties believe that liability could be decided by motion for summary judgment, after discovery or prior to the completion of discovery at either parties' election.

    7. <u>Initial Disclosures</u>.  The parties agree that initial disclosures should be exchanged by the parties within forty-five days after the initial scheduling conference on September 21, 2007.

    8. <u>Discovery</u>.  The parties anticipate standard discovery, i.e., interrogatories, requests for production of documents, requests for admissions, and depositions.  The parties anticipates taking 2 or 3 depositions each.  The parties request 120 days for discovery, in light of the upcoming holidays and counsels' schedules.  However, the parties reserve their right to file dispositive motions prior to the end of discovery.

    <u>Electronically Stored Information ("ESI")</u>: The parties do not anticipate the need for ESI

discovery.

9. <u>Exchange Of Expert Witness Reports</u>. The parties do not anticipate the use of expert witnesses, other than treating physicians, but nevertheless agree that the requirements of Rule 26(a)(2) should not be modified except as follows: A party proposing to use an expert witness shall designate any experts (and serve expert reports) sixty (60) calender days before the end of discovery and the opposing party shall name responsive experts within thirty (30) calender days thereafter.  Depositions of experts may be taken within thirty (30) calender days of service of these reports.

10. <u>Class Actions</u>.  Not applicable.

11. <u>Bifurcation</u>.  Trial and discovery do not need to be bifurcated.

12. <u>Date For Pretrial Conference</u>.  Plaintiff requests that scheduling of the pretrial conference be set at the conclusion of the scheduling conference.  Defendant requests that the trial date be set at the pretrial conference, if necessary.

13. <u>Trial Date</u>.  Plaintiff requests the trial date be set at the scheduling conference. Defendant requests that the trial date be set at the pretrial conference.

          Respectfully submitted,

          _____/s/_____
          JEFFREY A. TAYLOR, DC Bar#498610
          United States Attorney

          _____/s/_____
          RUDOLPH CONTRERAS, DC Bar #434122
          Assistant United States Attorney

          /s/
KENNETH ADEBONOJO
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
(202) 514-7157

ATTORNEYS FOR DEFENDANT


        /s/
ALLAN M. SIEGEL, FED. BAR #435048
Chaikin & Sherman, P.C.
The Law Building
1232 Seventeenth Street, N.W.
Washington, D.C. 20036
Telephone: (202)659-8600

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RENEE WHITNEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>) | Case No. 1:07-cv-01005 (ESH) |

**INITIAL SCHEDULING ORDER**

UPON CONSIDERATION of the parties Joint Meet and Confer Statement, filed pursuant to Local Rule 16.3, the following deadlines are hereby set in this case:

- The parties shall make initial disclosures, pursuant to Rule 26(a)(1), within thirty days of the date of this Order.

- The parties shall complete discovery within 120 days of the date of this Order.

- Motions for summary judgment shall be filed no later than 45 days after the close of discovery.

- Oppositions to motions for summary judgment shall be filed within 30 days of the deadline for the motions.

- Replies regarding motions for summary judgment shall be filed within 15 days of the deadline for oppositions.

So ordered, this _____ day of _____, 2007.

_____
ELLEN S. HUVELLE
UNITED STATES DISTRICT JUDGE

Copies to the parties