UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RENEE WHITNEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No: 07-1005 (ESH/JMF) |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR AN ORDER FOR PLAINTIFF'S
INDEPENDENT MEDICAL EXAMINATION**

Pursuant to Fed. R. Civ. P. 35(a), the United States of America ("Defendant"), hereby moves for an Order requiring Renee Whitney ("Plaintiff"), to undergo an Independent Medical Examination ("IME"). Plaintiff's IME is scheduled for 3:30 p.m. on May 13, 2008 or at any alternative mutually-convenient time by Dr. Thomas Ryan, M.D., P.C., of Chevy Chase Orthopedics, P.C., located at 5530 Wisconsin Avenue, St. 1550, Chevy Chase, Md 20815.

In support of this motion, Defendant submits the attached Memorandum of Points and Authorities. A proposed Order is also attached hereto.

May 2, 2008                                    Respectfully submitted,

                                                /s/_____
                                                JEFFREY A. TAYLOR, DC Bar#498610
                                                United States Attorney

                                                /s/_____
                                                RUDOLPH CONTRERAS, DC Bar #434122
                                                Assistant United States Attorney

       /s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
Telephone (202) 514-7157
Facsimile (202)514-8780
kenneth.adebonojo@usdoj.gov

ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RENEE WHITNEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>) | Civil Action No: 07-1005 (ESH/JMF) |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR AN ORDER FOR PLAINTIFF'S
INDEPENDENT MEDICAL EXAMINATION**

**Background**

Defendant respectfully submits this Memorandum of Points and Authorities in support of this motion pursuant to Fed. R. Civ. P. 35(a).  Plaintiff commenced this action under the Federal Tort Claim Act ("FTCA") on June 29, 2007, seeking damages for injuries she allegedly sustained as a result of an accident that occurred on August 27, 2005.  Specifically, Plaintiff alleges that a vehicle owned by Defendant was operated in such a manner as to negligently "strike the rear of [her] vehicle." Pl. Compl., ¶¶5, 7.  Furthermore, Plaintiff alleges that "[a]s a direct and proximate result of the aforesaid negligence, [Plaintiff] suffered injuries and damages, including, but not limited to: bulging discs at C5-6 and C6-7, lumbar radiculopathy; cervical strain; contusions or the left tibia and fibula; contusions of the left knee and contusion of the left foot; she has incurred and will continue to incur, medical and hospital expenses in an effort to care for her injuries she has suffered, and will in the future suffer, a loss of earnings and earning capacity; she has incurred damages to her car and rental car expenses; and she has suffered and will in the

future suffer, great pain of body and mind; all of which may be permanent in nature." Id., ¶8. Plaintiff seeks judgment in the amount of $500,000.

In her depositions taken on April 10 and 24, 2008, Plaintiff testified that, prior to August 27, 2005, she was free of any of the ailments she alleges in her complaint were caused by the accident that is the subject of this action. In addition, Plaintiff testified that the pain and residuals allegedly caused by the accident remain and, in fact, have gotten worse over the years. Plaintiff has not submitted an expert report, but intends to call her treating physicians to testify at trial.[1] According to sparse medical records submitted by Plaintiff, her alleged pain is causally related to the accident. However, the records also suggest that some of Plaintiff's complaint may be attributable to mild degenerative conditions. Defendant has provided Plaintiff with Authorizations for Release of Medical Records from medical offices where she has received treatment, but Plaintiff has refused to execute same. Similarly, Plaintiff's counsel has said that his client will not submit to an IME that Defendant has scheduled for May 13, 2008. Ex. A. In addition to an order requiring Plaintiff to submit for an IME as scheduled or as rescheduled for a mutually-convenient date, Defendant also respectfully moves this Court to Order Plaintiff to execute the Authorizations for Release of Medical Records in order to facilitate the IME.

---

[1] Defendant does not concede that the Federal Rules of Civil Procedure do not require Plaintiff to provide a report just because the witnesses that may be called to testify are her treating physicians. Treating physicians may be required to provide expert reports if they were "retained or specifically employed to provide expert testimony in a case." Robertson v. Bair, 242 F.R.D. 130, 135 (D.D.C. 2007)(quoting Fed. R. Civ. P. 26(a)(2). The party opposing the use of a treating physicians testimony to establish elements of a cause of action may elect to depose a treating physician to determine whether a report should be provided as required by the Rules. Id. Accordingly, Defendant reserves the right to notice for deposition any or all of the treating physicians designated by Plaintiff as potential witnesses.

**Discussion**

Fed. R. Civ. P. 35(a) provides in relevant part:

> When the mental or physical condition (including the blood group) of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner[2] . . . . The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties, and shall specify the time, place, manner, conditions, and scope of the examination and the person or person by whom it is to be made.

As this Court has reiterated, the party moving for an IME under Fed. R. Civ. P. 35(a) "must establish that the 'mental or physical condition...is in controversy' and that there is 'good cause' for the motion to be granted..." Doe v. Dist. of Columbia, 229 F.R.D. 24, 26 (D.D.C. 2005)(ordering an IME because child-plaintiff who alleged abuse brought his claims voluntarily and defendant satisfied the elements to order the IME); see also Benham v. Rice, 238 F.R.D. 15, 28 (D.D.C. 2006) (analyzing the requirements for granting a motion for an independent medical examination under Rule 35); Smith v. Koplan, 215 F.R.D. 11, 12-14 (D.D.C. 2003) (granting motion for independent psychological exam in Title VII case despite noting that even where the requirements of Rule 35 are satisfied, an exam can be denied if the same information can be obtained in a less intrusive manner); Brandenberg v. El Al Israel Airlines, 79 F.R.D. 543, 544, 546 (S.D.N.Y. 1978) (in light of plaintiff's allegation that she suffered "physical, emotional,

---

[2] Rule 35 was revised in 1991 to make clear that persons suitably licensed or certified includes "certified or licensed professionals, such as dentists or occupational therapists, who are not physicians or clinical psychologists, but who may be well-qualified to give valuable testimony about the physical or mental condition that is the subject of the dispute." Advisory Comm. Note to Rule 35 (1991 Amendment).

3

mental stress, and mental and psychiatric injuries," an independent psychiatric evaluation was "clearly appropriate").

    In Controversy

The United States Supreme Court has addressed the Rule 35 requirements of "in controversy" and "good cause" in Schlagenhauf v. Holder, 379 U.S. 104 (1964), as follows:

> Of course, there are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.

Id. at 119; Doe, supra, 229 F.R. D. at 26. Because Plaintiff brings this FTCA action alleging personal injuries as specifically cited above from her complaint, she has placed her physical condition is in controversy. Schlangenhauf, supra; Sloane v. Thompson, 128 F.R.D. 13, 15 (D. Mass. 1989).

    Good Cause

A party moving for an IME may show good cause by demonstrating the insufficiency of current documents, inconsistencies, the usefulness of the IME report. See Doe, supra, 229 F.R.D. at 26-27. In addition, the information sought by Defendant is relevant and is not otherwise available. The courts have concluded that "only if no additional relevant information could be gained by an examination of [plaintiff] should the motion for a [physical] examination be denied." See Ragge v. MCA/Universal Studios, 165 F.R.D. 605, 608 (C.D. Calif. 1995); Duncan v. Upjohn Co., 155 F.R.D. 23, 25 (D. Conn.1994). An IME is justified here because the

documents provided by Plaintiff so far are insufficient to ascertain the nature and extent of the injuries alleged to arise from the accident.  In light of what appears to be visits to several treating physicians, Plaintiff has produced what appears to be a spare record of her treatments and refuses to execute authorizations for medical records to provide Defendant with full access to her medical condition.  Furthermore, as indicated earlier, some of the documents Plaintiff submitted suggest the presence of mild degenerative conditions that could have played a part in the accident or the injuries she allegedly sustained.  The fact that Plaintiff has refused to provide the medical releases amplifies that need for Plaintiff's IME because there is no other way to obtain Plaintiff's medical records.  In sum, Defendant has demonstrated sufficient good cause for an Order compelling Plaintiff's IME.  In short, an independent, routine, complete, physical examination of Plaintiff is warranted.

     Finally, Defendant has specified to Plaintiff the time and place of the IME.  Ex. B.  The IME is scheduled for May 13 or at another mutually convenient time for Plaintiff before Dr. Ryan.  This information is sufficient under Doe.  Upon the foregoing, Defendant respectfully requests an Order that Plaintiff submit for an IME and requiring Plaintiff to execute Authorizations for Medical Releases.

May 2, 2008    Respectfully submitted,

     /s/_____
JEFFREY A. TAYLOR, DC Bar#498610
United States Attorney

     /s/_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
Telephone (202) 514-7157
Facsimile (202)514-8780
kenneth.adebonojo@usdoj.gov

ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RENEE WHITNEY,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>Defendant. )<br>) | Civil Action No: 07-1005 (ESH/JMF) |

**O R D E R**

UPON CONSIDERATION of the Defendant's Motion for Independent Medical Examinations and the entire record of this case, it is hereby

ORDERED that Defendant's motion should be and is hereby GRANTED; and

FURTHER ORDERED that Plaintiff shall submit to a complete physical and an x-ray of her back and/or neck and/or knee as deemed appropriate by Defendant's designated expert, Dr. Ryan. No counsel shall be present at the examinations, which shall not exceed five hours in total;

FURTHER ORDERED that if the examinations are not already scheduled, Plaintiff should expeditiously contact Defendant's expert, Dr. Ryan at (301) 652-6612, ext. 15, to arrange an examination to be conducted at a available mutually convenient date and time not later than May 16, 2008;

FURTHER ORDERED that Plaintiff shall immediately execute all Authorizations for Release of Medical Records provided to her by Defendant.

_____                    _____
Date                                                          JOHN M. FACCIOLA
                                                                   United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that, on May 2, 2007, I caused a true and correct copy of the foregoing to be served on Plaintiff's Counsel

>Allan M. Siegal
>Chaikin & Sherman
>1232 17th Street, N.W.
>Washington, DC 20036

and via the Court's ECF system.

>_/s/_____
>KENNETH ADEBONOJO
>Assistant United States Attorney



Ira Sherman *†◊  Steven H. Kaminski *†  Kiran Sharma*†
Joseph Cammarata ♦*†**  Ebony M. Robinson *†  Silverio Coy ✦
Allan M. Siegel *†**  Donald J. Chaikin, Partner Emeritus *†  Of Counsel

♦ Board Certified Civil Trial Attorney  * D.C. Bar  † Maryland Bar  ** Virginia Bar  ◊ New York Bar

May 1, 2008

**VIA FACSIMILE AND US MAIL**

Kenneth Adebonojo, Esq.
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530

> RE: **Renee Whitney v. United States of America**
> Civil Case No.: 07-1005 (ESH)

Dear Mr. Adebonojo:

I was bewildered by your voicemail message in which you indicated that you had scheduled Ms. Whitney for an IME. I have told you on three (3) occasions, twice verbally and once in writing, that the Plaintiff will not agree to submit to an IME since the time to conduct such an examination and identify experts has long passed. Accordingly, you should cancel the medical examination that you scheduled with Dr. Ryan. If you do not cancel this examination, Plaintiff will not be responsible for any costs incurred as a result of her not attending. As you know, you are not automatically entitled to a medical examination. Rather you must seek the Court's permission. You have failed to do so.

Thank you for your attention to this matter.

Very truly yours,

Allan M. Siegel

AMS/dmj

# CURRICULUM VITAE

| | |
|---|---|
| Name: | Thomas F. Ryan, MD |
| Office Address: | 5530 Wisconsin Avenue<br>Suite #1550<br>Chevy Chase, M.D., 20815 |
| Present Position: | Private Practice Orthopedic Surgery |
| Education: | B.A. College of the Holy Cross, Worcester, MA<br>1965<br>MD Georgetown University School of Medicine<br>1969 |
| Post Graduate: | General Surgery - Georgetown University, 1969-1970<br>General Surgery - Georgetown University, 1970-1971<br>Orthopedic Surgery - National Naval Medical Center, 1973-1975<br>Orthopedic Surgery - James Lawrence Kernan, Hospital for Crippled Children, Baltimore M.D., 1975-1976<br>Orthopedic Surgery – Reconstructive Surgery of the Hip and Knee, New England Baptist Hospital, Boston, MA. 1976 |
| Honors: | A.O.A. Honor Medical Society<br>Georgetown University, 1965<br><br>Merck Award at Graduation<br>Georgetown University, 1965<br><br>Vincennien Medal<br>Georgetown University Teaching Award, 2004 |
| Current Professional: | Instructor, Department of Surgery, and Division of Orthopedic Surgery – Georgetown University<br>Former Co- Director and Orthopedic Surgeon<br>Georgetown University, Sports Medicine Clinic |

| | |
|---|---|
| Board Certification: | American Board of Orthopedic Surgery – 1978 |
| Current Licensure: | District of Columbia<br>Maryland |
| Professional Society: | Clinical Orthopedic Society |
| Hospital Affiliations: | Attending – Sibley Hospital<br>Instructor – Georgetown University Hospital<br>Attending - Suburban Hospital |
| Ongoing Publications:<br>And Lectures | Consultant Pfizer Corp. and United States Golf Assn.<br>Champions Tour<br>Lecturer- Union Memorial Hospital<br>Sports Symposium – 2004<br>Lecturer- Royal College of Surgeons<br>Dublin Ireland – 2006<br>Consultant- District of Columbia Coaches Association<br><br>Lecturer- Royal College of Surgeons<br>Dublin Ireland - 2007 |