UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RENEE WHITNEY**         :
                          :
    Plaintiff,            :
                          :
v.                        :    Civil No. 07-1005(ESH/JMF)
                          :
**UNITED STATES OF AMERICA** :
                          :
    Defendant.            :

### OPPOSITION TO MOTION TO DEFENDANT'S MOTION FOR AN ORDER FOR PLAINTIFF'S INDEPENDENT MEDICAL EXAMINATION

COMES NOW, Plaintiff Renee Whitney, by and through her counsel, Allan M. Siegel, Esquire, and the law firm of Chaikin, Sherman, Cammarata & Siegel, P.C., and requests that this Court deny Defendant's Motion For an Order for Plaintiff's Independent Medical Examination, and as reasons therefore, state as follows:

1. This Court issued a Scheduling Order on November 6, 2007, which provided a deadline of January 10, 2008 for Defendant to identify experts. (See Exhibit 1, Scheduling Order)

2. The Scheduling Order specifically states, on its face, that "The dates in this Order are firm and can only be altered by the Court under compelling circumstances." (See Exhibit 1)

3. The Scheduling Order requires that the disclosures be made consistent with Fed. R. Civ. Pr. 26(a)(2) which requires a Defendant to provide a report, for any retained expert, which includes:

      (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

      (ii) the data or other information considered by the witness in forming them;

      (iii) any exhibits that will be used to summarize or support them;

      (iv) the witness's qualifications, including a list of all publications authored in the previous ten years;

      (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

      (vi) a statement of the compensation to be paid for the study and testimony in the case.

<u>See Fed. R. Civ. Pr. 26(a)(2)</u>

    4.   The rule contemplates that Defendant will have the Plaintiff examined **before** the deadline so that the opinions can be set forth in the designation. Since Defendant failed to have Plaintiff examined, it could not, and did not, provide any of the information provided by Fed. R. Civ. Pr. 26(a)(2).

    5.   Defendant's motion fails to set forth any cause, no less good cause, for its decision to ignore the Court's Scheduling Order and delay the scheduling of an IME until May 13, 2008, **more**

**than 90 days past its designation to identify experts.** Indeed, Defendant's motion cites Plaintiff's complaint which makes it undeniably clear that Plaintiff is claiming permanent injuries. Moreover, Plaintiff's medical records, which were provided to Defendant along with Plaintiff's 26(a)(1) Statement submitted to Defendant on December 6, 2007, and Plaintiff's 26(a)(2) Statement submitted to Defendant on December 10, 2007 confirm that Plaintiff is claiming permanency. (See Exhibit 2, Plaintiff's 26(a)(2) Statement). By December 10, 2007, Defendant clearly had enough information to know to request Plaintiff be examined by a doctor in the appropriate specialty, but failed to do so.

6. Trial is scheduled for July 28, 2008, and discovery closed on May 15, 2008. The parties must begin preparing for trial, and Defendant should not be entitled, at this late date, to reopen another round of protracted discovery by requiring Plaintiff to submit to a medical examination which should have been completed long before **January 10, 2008.**[1]

---

[1] Defendant also is requesting Plaintiff sign medical authorizations, for the first time. Plaintiff's counsel routinely agrees to these requests when they are timely made. However, Defendant should not be permitted to start subpoenaing and requesting records at this late date, and provides this Court no rationale for its untimely requests.

3

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's Motion to Extend Time and Compel Independent Medical Examinations.

    Respectfully submitted,

    **CHAIKIN, SHERMAN,
CAMMARATA & SIEGEL, P.C.**


    /s/ Allan M. Siegel
    Allan M. Siegel
    Fed. Bar. No. 447705
    1232 17th Street, N.W.
    Washington, D.C. 20036
    202-659-3600
    Attorneys for Plaintiff
    siegel@dc-law.net


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Opposition to Defendant's Motion for an Order for Plaintiff's Independent Medical Examination was served via the court's ECF System this 21st day of May, 2008 to:

    Kenneth Adebonojo, Esq.
    Assistant United States Attorney
    555 4th Street, N.W. Room E-4110
    Washington, D.C. 20530




    /s/ Allan M. Siegel
    Allan M. Siegel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RENEE WHITNEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>) | Civil Action No. 07-1005 (JMF) |

SCHEDULING ORDER

This matter having come before the Court for an initial status conference and having considered the requests of the parties, this Court[1] issues the following scheduling order. It is hereby,

**ORDERED** that the parties shall comply will the following directives:

1. Each party is limited to a maximum of five depositions and twenty-five interrogatories.

2. Any dispositive motions or cross-motions are to be filed by March 14, 2008, oppositions to said motions or cross-motions are to be filed by March 25, 2008, and any replies are to be filed by March 28, 2008.

3. All disclosures required by Fed. R. Civ. P. 26(a)(1) are to be made by December 6, 2007.

4. Plaintiff is to make the disclosures required by Fed R. Civ. P. 26(a)(2) as to any expert who plans on testifying no later than December 10, 2007. Defendant shall provide the

---

[1] The parties have consented to a referral of this case to a Magistrate Judge for all purposes including trial.

EXHIBIT 1

identity of any expert witness and all such disclosures required by the same rule no later than January 10, 2008. Plaintiff shall provide the identity of any rebuttal expert witness and all such disclosures required by the same rule no later than January 25, 2008.

5. All discovery shall begin immediately and shall be completed by March 5, 2008.

6. Any discovery requests already served shall be treated, for purposes of calculating the date for response, as having been served on the date of this order.

7. A status conference is not set at this time.

8. A pretrial conference in this matter will be set for April 14, 2008, at 9:30 a.m. Three weeks in advance of the Pretrial Conference, counsel are required to meet and prepare a Joint Pretrial Statement, in accordance with Local Rule 16.4 and the Pretrial Procedures Order, which the parties shall receive prior to the Pretrial Conference. This Order will give explicit direction on preparation of the Joint Pretrial Statement, which is required to be delivered to chambers not less than eleven days prior to the conference.

9. The trial will be set for May 5, 2008, with an estimated length of two days.

10. The parties are to inform chambers no later than January 15, 2008, whether they believe there is a realistic prospect of settlement.

The parties should be aware that all pleadings should contain my initials on the right hand portion of the caption. Additionally, any motions that do not comply with Local Rule 7.1(c) or (m) shall be immediately stricken. Finally, counsel shall confer in good faith in an effort to resolve any discovery disputes before bringing the dispute to the Court. If counsel are unable to resolve the discovery dispute, counsel shall arrange a brief telephone conference with the Court by contacting chambers. Counsel shall not file a discovery motion without following the procedures set forth in this paragraph. If the Court is called upon to resolve a discovery dispute

and the Court determines that good faith efforts could have resulted in a resolution of the matter without Court intervention, the Court may consider sanctions pursuant to Fed. R. Civ. P. 37.

Dates in this Order are firm and may only be altered by the Court under compelling circumstances.

**SO ORDERED.**

/s/
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated November 6, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RENEE WHITNEY**          :
                           :
       Plaintiff,         :
                           :
v.                         :   Case No. 1:07-CV-01005
                           :
**UNITED STATES OF AMERICA**   :
                           :
       Defendants.        :

### PLAINTIFF'S 26(A)(2) STATEMENT

Plaintiff Renee Whitney intends to call the following experts to the trial of this matter:

1. Richard S. Myers, M.D.
   Frederick L. Salter, M.D.
   Phillips & Green, M.D.
   8403 Colesville Road
   Silver Spring, MD 20910

2. Joshua Ammerman, M.D.
   Washington Neurosurgical Asssociates
   3301 New Mexico Avenue, N.W. Suite 352
   Washington, D.C. 20016

3. Kent Z. Ozkum, M.D.
   Sibley Memorial Hospital
   5255 Loughboro Road, N.W.
   Washington, D.C. 20016-2695

4. Brian H. Avin, M.D.
   The Neurology Center
   2730 University Blvd.
   Wheaton, MD 20902

The above-referenced healthcare providers with the exception of Joshua Ammerman, M.D. treated the Plaintiff for the


EXHIBIT 2

injuries she sustained following the incident at issue herein.[1] They are expected to testify, and base their opinions on their background, training and experience, including relevant scientific and/or medical literature; physical examinations, and testing of the Plaintiff; Plaintiff's discovery responses and deposition testimony; and review of medical records and bills, which have previously been provided to counsel and are incorporated by reference herein.

They are expected to testify, to a reasonable degree of medical certainty regarding all diagnosis rendered to the Plaintiff including but not limited to: bulging discs at C5-6 and C6-7; lumbar radiculopathy; cervical strain; contusions of the left tibula and fibula; a contusion of the left knee and a contusion of the left foot.

They are expected to testify, to a reasonable degree of medical certainty, that the above-cited injuries were sustained as a direct and proximate result of the automobile collision at issue herein. They are expected to testify regarding their interpretation of all diagnostic tests, including but not limited to MRI's, x-rays and EMGs.

The above referenced healthcare providers are expected to testify, to a reasonable degree of medical certainty, that all of

---

[1] Plaintiff treated with Bruce Ammerman, M.D. who recently passed away. Plaintiff will be treating with Joshua Ammerman, M.D. in the near future, who will testify consistent with the reports produced by Bruce Ammerman, M.D. Joshua Ammerman reports will be provided.

2

the medical treatment rendered to the Plaintiff, and all associated charges thereof, were reasonable and necessary for treatment of the injuries she sustained in the incident at issue herein, and causally related thereto. They are also expected to testify to a reasonable degree of medical certainty, regarding any and all future medical treatment that the Plaintiff will require, and the costs thereof.

The above referenced healthcare providers are expected to testify, to a reasonable degree of medical certainty, regarding permanent residual conditions and disabilities sustained by the Plaintiff, as a result of the incident at issue herein. Their testimony will be consistent, where appropriate, with the <u>AMA Guideline of Permanent Impairment,</u> 5th Edition, regarding the permanent residual conditions and disabilities sustained by the Plaintiff.

The above referenced healthcare providers may be asked to review and analyze all opinions set forth by any of Defendant's health care experts and provide testimony regarding any disagreements with those opinions.

Plaintiff reserves the call any of her treating physicians not heretofore named.

Plaintiff reserves the right to supplement this Expert Witness Designation as discovery progresses.

Respectfully submitted,

**CHAIKIN & SHERMAN, P.C.**

_____
Allan M. Siegel
Fed. Bar No. 447705
1232 17th Street, N.W.
Washington, D.C. 20036
202-659-8600
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing 26(a)(2) Statement was faxed and mailed, postage prepaid, this 20th day of December, 2007, to:

Kenneth Adebonojo, Esquire
Asst. U.S. Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530

_____
Allan M. Siegel, Esq.

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RENEE WHITNEY**              :
                               :
      Plaintiff,        :
                               :
v.                             :    Civil No. 07-1005(ESH/JMF)
                               :
**UNITED STATES OF AMERICA**   :
                               :
      Defendant.        :

O R D E R

Upon consideration of Defendant's Motion For an Order for Plaintiff's Independent Medical Examination and Plaintiff's Opposition thereto, it is this _____ day of _____, 2008, hereby,

**ORDERED**, that Defendant's Motion be, and the same hereby is, **DENIED**.

                                                                  John M. Faciola
                                                                United States Magistrate Judge

cc:   Allan M. Siegel, Esq.
       CHAIKIN, SHERMAN, CAMMARATA & SIEGEL, P.C.
       1232 17th Street, N.W.
       Washington, D.C. 20036

       Kenneth Adebonojo, Esq.
       Assistant United States Attorney
       555 4th Street, N.W. Room E-4110
       Washington, D.C. 20530