UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RENEE WHITNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 07-1005 (ESH/JMF) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR AN ORDER FOR PLAINTIFF'S INDEPENDENT MEDICAL EXAMINATION**

In her untimely opposition to Defendant's Motion for an Order for Plaintiff's Independent Medical Examination ("IME"), Plaintiff argues that Defendant's motion should be denied as untimely under the Court's scheduling order. *Pl. Opp*. at 1-2. Plaintiff also contends that Defendant has not demonstrated "good cause" to support an Order for her IME. *Id*. at 2. Plaintiff's opposition misses the point.

Although it is clear that timeliness of submitting reports and compliance with scheduling orders are paramount considerations, courts that have addressed motions for IMEs, are typically guided by the considerations of whether the issue related to the IME is in controversy and whether good cause has been demonstrated. In fact, it is not unusual that, when discovery disputes such as those in the instant matter arise, parties seek to amend scheduling orders or to extend discovery along with the request for an IME, which the courts have graciously granted. *Roberson v. Bair*, 242 F.R.D. 130 (D.D.C. 2007) ; *Williams v. Johanns*, 2006 U.S. Dist. Lexis 93561 (D.D.C. 2006). Plaintiff concedes that her injuries are in controversy, so the only

remaining issue is whether good cause has been demonstrated. Good cause was abundantly demonstrated in Defendant's motion.

A court may order an IME "on 'motion for good cause shown' and 'with notice to the person [to be] examined....'" *Smith v. Koplan*, 215 F.R.D. 11, 12 (D.D.C. 2003) (quoting Fed. R. Civ. P. 35(a)). When such a motion is contested, it is left to the sound discretion of the trial court. *Id*. The exercise of discretion should be informed by whether without the evidence sought the defendant would be able to rebut the plaintiff's claims. *Roberson*, *supra*, 252 F.R.D. at 137-38 (citing *Benham v. Rice*, 238 F.R.D. 15, 28-29 (2006)). Precluding the defendant from obtaining evidence to present its case would essentially allow plaintiff to unilaterally determine what evidence would be used at trial. *Id*; *see also Williams*, 2006 U.S. Dist. Lexis at 26.

Plaintiff contends that Defendant's Motion for an IME is untimely because, per the Court's scheduling order, Defendant's expert report was due in January. However, other scheduling issues prevented the IME from occurring sooner. Defendant sought to take Plaintiff's deposition first to ensure that the expenditure of resources on Plaintiff's IME was absolutely necessary. Indeed, due to scheduling issues, neither party took any deposition during the initial discovery period. As a result of scheduling complications, Plaintiff's deposition was not taken until April 10, 2008, and even then a second day had to be scheduled for April 24, to accommodate opposing counsel's obligations. Indeed, the parties have jointly sought to extend discovery on two occasions to conduct outstanding discovery. In light of the fact that the parties have made diligent efforts to engage in discovery, which has been ongoing for about six months, Defendant proffers that another extension of forty-five days from the Order for Plaintiff's IME,

should the court so decide, be granted.[1] *See Roberson, supra* (extending the discovery to take plaintiff's deposition where discovery had been on going for a longer time than the instant case); *Williams*, *supra* (granting a motion to amend the scheduling order to permit additional discovery). Defendant should not be denied the opportunity to have the benefit of an IME because of scheduling issues beyond Defendant's control. Hence, Defendant's Motion for an IME should be granted.

May 30, 2008                                                Respectfully submitted,

                                                           /s/_____
JEFFREY A. TAYLOR, DC Bar#498610
United States Attorney

                                                           /s/_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

                                                           /s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
Telephone (202) 514-7157
Facsimile (202)514-8780
kenneth.adebonojo@usdoj.gov

ATTORNEYS FOR DEFENDANT

---

[1] Defendant filed a timely Motion to Extend Time to Complete Discovery prior to the end of the last discovery period.

## CERTIFICATE OF SERVICE

I hereby certify that, on May 30, 2008, I caused a true and correct copy of the foregoing to be served on Plaintiff's Counsel

    Allan M. Siegal
    Chaikin & Sherman
    1232 17th Street, N.W.
    Washington, DC 20036

and via the Court's ECF system.

                                                                                                 /s/_____
                                                                                              KENNETH ADEBONOJO
                                                                                              Assistant United States Attorney