UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RENEE WHITNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1005 (JMF) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

Before the Court are Defendant's Motion for an Order for Plaintiff's Independent Medical Examination [#17] ("Motion for an IME") and Motion to Enlarge Time to Conduct Discovery [#18] ("Motion to Enlarge"). For the reasons stated below, both motions will be granted in part and denied in part.

I. **Background**

On August 27, 2005, at 3:20 am, a vehicle owned and driven by plaintiff Renee Whitney was struck in the rear by a United States Postal Service vehicle driven by Mr. Charles Alexander Abbott. Ms. Whitney brings this action for common law negligence and alleges that she suffered numerous injuries as a result of the accident. The defendant alleges that the accident was caused by Ms. Whitney when she stopped suddenly in the middle of the street. A trial is scheduled for July 28, 2008.

Defendant now seeks an order that would require Ms. Whitney to submit to an independent medical examination ("IME") and to execute a release permitting the defendant to obtain her medical records directly from health providers. Defendant has

also moved to enlarge the discovery deadlines so that this requested discovery, if permitted, would be timely.

## II. Discussion

### A. Independent Medical Exam

This Court issued a scheduling order on November 6, 2007, under which the defendant was required to "provide the identity of any expert witness and all such disclosures required by [Fed. R. Civ. P. 26(a)(2)] no later than January 10, 2008." Scheduling Order [#10] at ¶ 4. Under Rule 26(a)(2), a party using an expert witness[1] must disclose a written report containing, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). See also Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc., 493 F.3d 160, 167 (D.C. Cir. 2007).

Defendant notified Ms. Whitney's counsel in late April 2008 that it had scheduled an IME with Dr. Thomas Ryan for May 13, 2008. See Letter from Allan M. Siegel to Kenneth Adebonojo, dated 5/1/08, attached to Motion for an IME at [#17-2]. This plainly violated the deadline of January 10, 2008, for the identification of expert witnesses and the disclosure of expert reports. Scheduling Order [#10] at ¶ 4. See also Fed. R. Civ. P. 26(a)(2)(C) ("A party must make these disclosures at the times and in the sequence that the court orders.").

Because the time has passed for the identification of expert witnesses and the disclosure of expert reports, an IME cannot be ordered unless the defendant moves for an

---

[1] A physician conducting an IME is considered an expert witness for purposes of Rule 26(a)(2). See, e.g. Attebery v. Placer Sierra Bank, No. Civ. S-06-2416, 2007 WL 3231721, at *2 (E.D. Cal. Nov. 1, 2007); McCluskey v. AllState Ins. Co., No. CV 04-191-M, 2006 WL 5230018, at *1 (D. Mont. Feb. 17, 2006).

enlargement of time and demonstrates that it "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). See also Inst. for Policy Studies v. C.I.A., 246 F.R.D. 380, 382-83 (D.D.C. 2007). It is questionable, however, whether the Motion to Enlarge meets the standard required by the Federal Rules of Civil Procedure.[2] First, it was not filed until thirteen days after defendant filed its Motion for an IME. Second, the Motion to Enlarge – like the Motion for an IME – contains no reference to Rule 6(b) or to excusable neglect.

Even if the Court were to deem the Motion to Enlarge a proper request under Rule 6(b)(1)(B), defendant has failed to demonstrate that its four-month delay was the result of excusable neglect. Indeed, the delay was not neglect at all – rather, it was a conscious decision by defendant to "avoid the expense of an IME . . . until absolutely necessary." Motion to Enlarge at 1. See also Reply to Plaintiff's Opposition to Defendant's Motion for an Order for Plaintiff's Independent Medical Examination ("IME Reply") [#20] at 2 ("Defendant sought to take Plaintiff's deposition first to ensure that the expenditure of resources on Plaintiff's IME was absolutely necessary."). "[T]actical decisions do not amount to affirmative showings of excusable neglect under Rule 6(b)." African American Voting Rights Legal Defense Fund, Inc. v. Villa, 54 F.3d 1345, 1350 (8th Cir. 1995). For these reasons, the Court will not issue an order compelling Ms. Whitney to submit to an IME.[3]

---

[2] "A request for an extension under Rule 6(b)(1)(B) should be made upon formal application for an order in compliance with the provisions of Rule 7(b)(1) relating to motions. Because Rule 7(b)(1)(B) requires that the application state with particularity the grounds therefore, the movant must allege the facts constituting excusable neglect; the mere assertion of excusable neglect unsupported by facts has been held to be insufficient." Inst. for Policy Studies, 246 F.R.D. at 383.

[3] The Court notes that Ms. Whitney's Opposition to Motion to [sic] Defendant's Motion for an Order for Plaintiff's Independent Medical Examination ("IME Opp.") [#19] is untimely and therefore must be stricken. See Smith v. Dist. of Columbia, 430 F.3d 450, 457 (D.C. Cir. 2007) (holding that it is an abuse

B.     **Release and Depositions**

Defendant also asks this Court to compel Ms. Whitney to sign a release authorizing it to obtain medical records directly from her health care providers, Motion for an IME at 2, and to enlarge the discovery period so it can depose "one or two of her treating physicians." Motion to Enlarge at ¶ 2. In both instances it appears that Ms. Whitney's opposition relates not to the substance of the requests, but to their timeliness. See, e.g., IME Opp. at 3 n.1[4]; Plaintiff's Opposition to Defendant's Motion to Enlarge Time to Conduct Discovery [#22] at ¶ 3. These requests are timely, however, because both were filed before the discovery deadline of May 16, 2008.[5]

Although it is clear that defendant should have made these requests much earlier, this Court finds that there is "good cause" to grant them in part – particularly now that the defendant will not have the benefit of an IME. Fed. R. Civ. P. 6(b)(1)(A). Ms. Whitney will be ordered to sign an appropriate release authorizing the defendant to obtain her relevant medical records from her health care providers, and discovery will be enlarged until July 3, 2008, for the limited purpose of permitting defendant to seek medical records and to depose one of Ms. Whitney's primary physicians. Ms. Whitney and her counsel shall fully cooperate with the defendant in obtaining this discovery, but defendant will

---

of the court's discretion to consider an untimely filing in the absence of a motion to enlarge demonstrating excusable neglect). The Motion for an IME was filed on May 2, 2008; pursuant to Local Rule 7(b), an opposition was due within 11 days, or by May 13, 2008. Cf. Fed. R. Civ. P. 6(a)(2) (weekends only excluded from computation for deadlines less than 11 days). Three days are added to this deadline for electronic filing, causing the final deadline to have been May 16, 2008. Fed. R. Civ. P. 6(d). Ms. Whitney's opposition was not filed until May 21, 2008. It is normally within the discretion of the court to treat an unopposed motion as conceded under LCvR 7(b), but, as discussed above, this Court is constrained in regard to the IME by defendant's failure to comply with Rule 6(b). See Smith, 430 F.3d at 457.

[4]     The Court could grant as conceded defendant's request for a release, pursuant to Local Rule 7(b). See, supra, at footnote 3.

[5]     Discovery was to be completed by March 5, 2008, but was later extended to April 18, 2008, and then again to May 16, 2008. Scheduling Order [#10] at 5; Minute Order (3/12/08); Minute Order (4/30/08).

ultimately bear the risk that this new deadline will elapse before its goals can be accomplished.

### III.     Conclusion

For the reasons stated above, the motions are granted in part and denied in part. An Order accompanies this Memorandum Opinion.


Dated: June 6, 2008                                            /s/
                                                       JOHN M. FACCIOLA
                                                       UNITED STATES MAGISTRATE JUDGE