UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RENEE WHITNEY** : | |
| **Plaintiff,** : | |
| v. : | Civil No. 07-1005(ESH/JMF) |
| **UNITED STATES OF AMERICA** : | |
| **Defendant.** : | |

**JOINT PRE-TRIAL STATEMENT**

I. **STATEMENT OF THE CASE**

This case arises out of an automobile collision which occurred when United States Postal driver Charles Alexander Abbott struck the rear of the Plaintiff's which was proceeding on Ninth Street in Washington, D.C. As a result of this collision, Plaintiff claims she suffered injuries, and was otherwise damaged. Defendant denies any liability and/or responsibility for Plaintiff's damages.

II. **STATEMENT OF PLAINTIFF'S CLAIMS**

Plaintiff claims that Defendant United States of America, acting by and through its driver, Charles Alexander Abbott, was negligent, in that Charles Alexander Abbott, inter alia, failed to maintain a proper distance between his vehicle and the vehicle directly in front of his vehicle, failed to pay full time and attention, failed to maintain control of his vehicle, failed to operate his vehicle at a safe and reasonable speed, failed to operate his vehicle so as to avoid a collision, and failed to obey the rules and regulations of the District of Columbia, then and there in full force and effect. Plaintiff further claims that she was free of any contributory negligence. Plaintiff claims that

Charles Alexander Abbott was, at all times relevant herein, acting as an agent, servant and/or employee of Defendant United States of America, acting in the course and scope of his employment.

Plaintiff claims that as a result of the aforesaid negligence she suffered injuries and damages, including but not limited to: bulging disc at C5-C6 and C6-C7; lumbar radiculopathy; cervical strain; lumbar strain; contusions to the left fibula and fibula; a contusion to the left knee and a contusion of the left foot. Plaintiff claims that her injuries are permanent.

As a result of the above-referenced injuries, Plaintiff has incurred medical and hospital expenses as follows:

| | |
|---|---|
| Washington Neurosurgical Assoc. | $ 2,920.00 |
| Inder Chawla, M.D. | $ 2,200.00 |
| Providence Hospital | $    703.50 |
| Radiology Imaging Associates | $    328.00 |
| Sibley Memorial Hospital (1/17/06) | $    235.00 |
| Sibley Memorial Hospital (1/26/06) | $ 4,548.40 |
| Sibley Memorial Hospital (3/31/06) | $    429.81 |
| Sibley Memorial Hospital (3/10/06) | $    429.81 |
| Sibley Memorial Hospital (2/24/06) | $    429.81 |
| Groover Christie & Merritt (1/26/06) | $    665.00 |
| Diagnostic Medical Imaging | $    125.00 |
| Holy Cross Hospital | $    132.56 |
| Surgical and Anesthesia Assoc. | $ 1,980.00 |
| The Neurology Center, P.A. | $    300.00 |
| Phillips & Green | $ 15,798.00 |
| TOTAL | $ 31,224.89 |

In addition, Plaintiff is claiming for the past and future pain and suffering associated with the injuries she suffered in the collision at issue herein.

### III.    STATEMENT OF DEFENDANT'S CLAIMS

Defendant contends that Plaintiff was contributorily negligent in operating her vehicle on the morning of August 27, 2005, and that such contributory negligence caused Defendant's vehicle to strike Plaintiff's vehicle in the left rear. In addition, Defendants contend that Plaintiff was operating

her vehicle without a functioning and operating right rear taillight, which caused Defendant's driver not to see Plaintiff's vehicle.  Moreover, Defendant contends that Plaintiff stopped her vehicle suddenly in the middle of the road when she noticed Mr. Peterson, whom she had just left at a club, pulled up next to her in the immediate right lane.

With regard to Plaintiff's subjective soft-tissue complaints of pain, Defendant contends that the accident of August 27, 2005, did not cause Plaintiff to suffer the injuries that she alleges.  Instead, Defendant contends that the evidence will show that Plaintiff's complaints of pain are not supported by any objective structural findings to Plaintiff's spine or other body part.  To the extent that objective means were used to determine the cause of Plaintiff's complaints of pain, those results only demonstrated that Plaintiff has a disc bulge in her cervical spine that is very likely degenerative.  In addition, scans of Plaintiff's spinal column indicate that her spine is unremarkable except for the disc bulge.  Moreover, scans of Plaintiff's knee and wrist reveal degenerative conditions and carpal tunnel disease respectively.

    IV.    **WITNESSES**

**Witnesses Both Parties Shall Call**

1. Reneé Whitney
2. Charles Alexander Abbott
3. John Peterson
4. Stanley Williams

**Plaintiff**

1. Hubert Whitney, Jr.
2. Gloria Whitney
3. Kurt Whitney
4. Keith Green
5. Joshua Ammerman, M.D. (Expert)
6. Richard Meyers, M.D. (Expert)

Defendant objects to calling Joshua Ammerman, M.D. based on Plaintiff's representation that only Dr. Richard Meyers, M.D. would be called at a treating physician. Defendant also objects to Plaintiff's characterization of Drs. Meyers and Ammerman as experts as Plaintiff's had maintained throughout this litigation that expert reports were not needed because the doctors were treating physicians not expert witnesses.

### **Defendant**

1. Sandi A. Daniels
2. Lindell Murphy
3. Officer Thorne Wilson (MPD)
4. Officer Barry Anderson

Plaintiff objects to calling Lindell Murphy as out of state and did not depose witness.

### V.   LIST OF EXHIBITS

#### Joint Exhibits

| JEX # | Date | Author | Summary |
|---|---|---|---|
| 1 | Unknown | N/A | Photographs of the scene |
| 2 | Unknown | N/A | Photographs of Plaintiff's vehicle |
| 3 | Unknown | N/A | Photographs of Defendant U.S.A. Postal vehicle |

**Plaintiff Exhibits**

| PEX # | Date | Author | Summary[4] |
|---|---|---|---|
| 1 | Unknown | N/A | Medical bills from Plaintiff's treating physicians and hospitals including but not limited to:<br><br>Washington Neurosurgical Assoc. (5/2/06)<br>Inder Chawla, M.D.<br>Providence Hospital<br>Radiology Imaging Associates<br>Sibley Memorial Hospital (1/17/06)<br>Sibley Memorial Hospital (1/26/06)<br>Sibley Memorial Hospital (3/31/06)<br>Sibley Memorial Hospital (3/10/06)<br>Sibley Memorial Hospital (2/24/06)<br>Groover Christie & Merritt (1/26/06)<br>Diagnostic Medical Imaging<br>Holy Cross Hospital<br>Surgical and Anesthesia Assoc.<br>The Neurology Center, P.A.<br>Phillips & Green[5] |
| 2 | 8/31/05 | Lindell Murphy | PS Form 1700[6] |
| 3 | 8/27/05 | Barry Anderson | Postal Police incident report[7] |
| 4 | 8/29/05 | Lindell Murphy | PS Form 1769[8] |
| 5 | N/A | N/A | HHS Life Tables |

Defendant objects to any documents not prepared Dr. Meyers' and/or the Phillips & Green group in connection with Plaintiff's treatment as inadmissible hearsay.

Any non-objectionable exhibits listed by Defendant.

**Defendant Exhibits**

| DEX # | Date | Author | Summary |
|---|---|---|---|
| 1 | 8/27/05 | Officer Wilson | Traffic Accident Report |
| 2 | N/A | Washington Adventist Hospital | Medical Records |
| 3 | N/A | Sibley Memorial Hospital | Medical Records |
| 4 | N/A | Radiology Imaging Assoc. | Medical Records |
| 5 | N/A | Washington Neurosurgical Associates | Medical Records |
| 6 | N/A | Phillips & Greene, MD | Medical Records |
| 7 | 8/28/05 | Stanley Williams | Accident statement |
| 8 | Unknown | DOJ Lit. Support | Aerial photo of acc. scene |
| 9 | 8/27/05 | Off. Barry Anderson | Postal Service Police Report |
| 10 | Unknow | Dr. Meyers' and/or Phillips & Green | Treating Physicians' Records |

Plaintiff objects to Defendant Exhibits 1, 2, 3, 4, 5, 6, 7 and 9 as containing inadmissible hearsay. Plaintiff objects to Defendant's Exhibit 8 because it may not have been produced in discovery.

Any non-objectionable exhibits listed by Plaintiff.

VI.  **DEPOSITIONS**

**Plaintiff**

Plaintiff intends to read portions of Charles A. Abbott's deposition testimony into evidence, including, but not limited to: page 40, line 8, through page 51, line 5; page 85, line 4 through page 89, line 3.

Defendant object to Plaintiff reading Charles A. Abott's deposition testimony into evidence as long as Charles A. Abbot is available to testify at trial except for impeachment.

**Defendant**

Defendant intends to read portions of Charles A. Abbott's deposition testimony in evidence, including, but not limited to: page 46, line 2 through page 50, line 21; page 104, line 19 through page 105; page 155, line 7 through page 158.  Defendant intends to read portions of Renee Whitney's deposition testimony in evidence, including but not limited to: page 25, line 16 through page 26, line 13; page 41, line 2-16; page 42, line 9-20; page 52, line 20-22; page 58 through page 59; page 66, line 9-23; page 80, line 25, through page 81; page 101, line 1, through page 103, line 24; page 152, line 23; page 163, line 14, through page 164, line 7; page 172, line 1, through page 173, line 14.  Defendant intends to read portions of Sandi A. Daniels deposition testimony in evidence, including, but not limited to: page 14, line 13, through page 15, line 10; page 16, line 1, through page 18, line 22; page 20, line 7, through page 25, line 8; page 41, line 13-17.  Defendant intends to read portions of Stanley Williams's deposition testimony in evidence, including, but not limited to: page 43, line 12-19, page 53, line 8 through page 54, line 14; page 71, line 17.  Defendant intends to read portions of John Peterson's deposition testimony in evidence, including, but not limited to: page 11, line 16-21; page 13, line 19, page 15, line 15-21.  Defendant intends to read portions of Dr. Richard S. Meyer, M.D. deposition testimony in evidence, including, but not limited

to: page 10, line 1, through page 14; page 17, line 1, through 20; page 36, line 1, through page 45; page 62, line 1, through page 65.

Plaintiff object to Defendant's reading any deposition into evidence other than Plaintiff's deposition since they contain inadmissible hearsay.

### VII.   ITEMIZATION OF DAMAGES

#### Plaintiff Damage Calculation

| | |
|---|---|
| Washington Neurosurgical Assoc. | $ 2,920.00 |
| Inder Chawla, M.D. | $ 2,200.00 |
| Providence Hospital | $    703.50 |
| Radiology Imaging Associates | $    328.00 |
| Sibley Memorial Hospital (1/17/06) | $    235.00 |
| Sibley Memorial Hospital (1/26/06) | $ 4,548.40 |
| Sibley Memorial Hospital (3/31/06) | $    429.81 |
| Sibley Memorial Hospital (3/10/06) | $    429.81 |
| Sibley Memorial Hospital (2/24/06) | $    429.81 |
| Groover Christie & Merritt (1/26/06) | $    665.00 |
| Diagnostic Medical Imaging | $    125.00 |
| Holy Cross Hospital | $    132.56 |
| Surgical and Anesthesia Assoc. | $ 1,980.00 |
| The Neurology Center, P.A. | $    300.00 |
| Phillips & Green | $ 15,798.00 |

TOTAL $ 31,224.89

### VIII.   OTHER RELIEF SOUGHT

#### Plaintiff

None.

#### Defendant

None.

### IX.   AN ESTIMATE OF THE LENGTH OF EACH PARTY'S CASE

#### Plaintiff

One day.

8

**Defendant**

 One day.

**X.** **MOTIONS *IN LIMINE***

 None.

**XI.** **PROPOSED JURY INSTRUCTIONS**

 N/A.

**XI.** **PROPOSED JURY VOIR DIRE QUESTIONS**

 N/A.

**XII** **PROPOSED VERDICT FORM**

 N/A.

July 11, 2007      Respectfully submitted,

         **CHAIKIN, SHERMAN, CAMMARATA**
          **& SIEGEL, P.C.**

       /s/Allan M. Siegel
       Allan M. Siegel
       1232 17th Street, N.W.
       Washington, D.C. 20036
       (202) 659-8600
       Attorneys for Plaintiff

       **ATTORNEYS FOR PLAINTIFF**

       _/s/_____
       JEFFREY A. TAYLOR, DC Bar#498610
       United States Attorney

       _/s/_____
       RUDOLPH CONTRERAS, DC Bar #434122
       Assistant United States Attorney

/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
Telephone (202) 514-7157
Facsimile (202)514-8780
kenneth.adebonojo@usdoj.gov

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

      I hereby certify that, on July 11, 2008, I caused a true and correct copy of the foregoing to be served on Plaintiff's Counsel

>Allan M. Siegal
>Chaikin & Sherman
>1232 17th Street, N.W.
>Washington, DC 20036

and via the Court's ECF system.

                                                      /s/_____
                                           KENNETH ADEBONOJO
                                           Assistant United States Attorney